12-62-18 Fredrick Delano et al v. Abbott Laboratories Oral Argument not to exceed 15 minutes per side Mr. Landau for the appellant. Thank you and may it please the court. I'm Chris Landau and I'm here today for Abbott Labs. I'd like to reserve 5 minutes for rebuttal. One of the most important advantages that our legal system gives plaintiffs is the right to choose their forum in the first instance. And the plaintiffs here exercise that right by bringing this lawsuit in their home forum of Tennessee. But our system doesn't give plaintiffs the right to a do-over after they've put the defendants to the burden of moving for summary judgment. And that's what this case is all about. Defendants are entitled to summary judgment on limitations grounds in plaintiff's chosen forum. And plaintiffs are now shopping for a new forum in order to avoid that limitations bar. I'd like to make two basic points here this morning. First, Abbott is entitled to summary judgment because there's no dispute about any of the facts material to the statute of limitations analysis under Tennessee law. And second, because Abbott is entitled to summary judgment, the district court erred by dismissing the case without prejudice to allow plaintiffs to pursue the same claims in Illinois where Abbott would not have the same statute of limitations defense under Tennessee law. With respect to the first point, the district court simply misapplied settled summary judgment law. It's undisputed here that the Delano's didn't even contact Abbott about their claims until after the untimely, absent evidence that Abbott waived the statute of limitations defense. But there's no evidence in this case that would allow a reasonable jury to find such waiver. The Delano's dispute that by pointing to two forms of evidence. First, they point to a November 2010 email in which Abbott's counsel agreed to extend previous tolling agreements. You lost on this issue below though, right? That's true, your honor. But that's not what's appealed before us. Well, it is. Dismissal with prejudice, without prejudice that's appealed, right? That's correct, your honor. But if reversed that, we would send it back and then he would enter an order against you, right? Well, your honor, the dismissal without prejudice is up here because that's a dismissal. But as part of the explanation for why the court erred in dismissing. You want us to review the merits of that as well. Correct, your honor. In other words, that's. I don't see how that's before us. Well, your honor, again, it is before you. And it was before you in Grover, the exact same procedural posture where the case was dismissed under Rule 41 without prejudice. They lost below. In Grover, the plaintiffs, yes. Grover reversed it. The district court in Grover dismissed the case without prejudice. This court reversed the dismissal on the ground that the defendant was entitled to judgment as a matter of law and, therefore, dismissal with prejudice. That was a case. But what was the decision of the court below on the merits in that case? The decision of the court below didn't decide the merits in that case. Or they did. Well, you know. So they're different then, right? Well, but your honor, again, the merits point is. You're arguing now you want to reverse the merits through the guise of reversal of the dismissal with prejudice. I guess the question is, it's embedded within the dismissal order. Because one of the factors that you clearly look at, and it's a dispositive factor where you're entitled to judgment, is the, are you being stripped of a plain legal right? The question in. How plain it is is a little bit questionable here when you have a decision going against you. Well, your honor, but it's not. It's easier to say it's plain if everyone agrees to it, but it's a little harder to say it's plain when you have a district court that's gone against you. Well, your honor, district courts make decisions. It's been known to make errors. Excuse me. It's been known to happen. I understand, but okay, go ahead. No, but this is a very important point, your honor. I mean, I want to make sure I can answer your question appropriately because the point is. I see your point, but I don't, it's hard for me to see how you can just say it's unquestioned. It's plain in the sense that it's unquestioned when the district court has already ruled in the opposite direction. Well, again. Maybe it's wrong, maybe it's right, but to say that it's so clear that he couldn't even dismiss without prejudice. Well, I think this is. Suggests a degree of plainness that's greater than just accurate. Well, your honor, but again. Plain means more than accurate. It means unquestionable. Well, I think this is a question subject to de novo review, frankly. Again, the question is he dismissed, the district court denied summary judgment and then dismissed without prejudice. And so we are here, we're entitled to an appeal of the dismissal without prejudice because the case should be over. Well, the way that, in order to analyze whether the court abused its discretion in dismissing without prejudice, you got to look at the question of did you have a right to win in this forum? It's not that complicated a case. The basic point is we're entitled to win in this forum. The district court dismissed without prejudice and is forcing us thereby to litigate in another forum where we're not entitled to win under the Tennessee statute of limitations. Because Illinois would not apply the Tennessee statute of limitations. So the real question is here is, is there any evidence that would allow a reasonable jury to find that there was waiver of our statute of limitations defense under Tennessee law? The only evidence they point to are two forms of evidence. First, they point to... How much effort did you all undertake down in Tennessee? I mean, that's one of the factors. How much of your prejudice because you had to litigate something and then once it looked like you were going to win... It is a factor, Your Honor. We filed... That's why I'm asking. How much did you do? We filed a motion for summary judgment. That's it? Yes, Your Honor. But the point... What was the motion for summary judgment? Your Honor, the point is as Grover and Rosenthal make clear the... You don't want to answer the question? I'm sorry, Your Honor. I didn't... How much effort did you undertake to get this decision that you lost down there? It's not the... How much, in other words? Well, I don't think that, again, I think... You didn't ask the question. I'm not asking what the effect of it or whether I'm... Fair enough, Your Honor. It is a certain amount of work to put together a motion for summary judgment. It's not something... It is a burden. Basically, the preparation of a motion for summary judgment. Right, but the point is by preparing for summary judgment, that actually has legal significance because Rule 41 draws a line. One of the factors you just said is how much effort was put in. Well, but Your Honor, the point is under this Court's decisions in Grover and Rosenthal, both point to the Phillips case from the Fifth Circuit. Both cite this particular language with approval, saying that where you are entitled to judgment as a matter of law in this forum, you don't get into the balancing of the factors. In other words, that's why I was trying to make this point in response to your question. The point is, even though you may often have a multi-factor balancing test where it's not clear that you are entitled to judgment as a matter of law, where it is clear that you're entitled to judgment as a matter of law, that's enough. You don't need to get into how much did the plaintiff delay and how much did you do. Again, I refer you to the language in Grover and in Rosenthal that specifically says where the defendant would be stripped of absolute defense, that constitutes per se plain legal prejudice. There's lots of situations in the law where one answer can be correct, but reasonable lawyers can come to a different answer. I mean, we have that under AEDPA, we have that under lots of types of situations. And that's when you... Certificates of appealability, you know, is it clear? You know, and we have it under qualified immunity. There's lots of situations where, you know, we might decide a certain way and that would be the law, but a reasonable judge could, until we decided that way, decide a different way. Sure, Your Honor. And that kind of situation exists. That's not here, though. That's not here, and that's the point, Your Honor. Why not, though? It would seem like that would be the right standard, is whether a reasonable judge could come to that conclusion. Well, that may be the standard. Our point is... If that's the standard, why can't we say that a reasonable judge could come to this conclusion because a judge actually came to this conclusion, even though it's wrong from your perspective. But again, the standard isn't whether a reasonable judge. The question is whether a reasonable jury... ...says that it might be the standard. Look, I'm sorry, Your Honor. The point is, could a reasonable jury find waiver? If a reasonable jury couldn't find waiver, then a reasonable judge couldn't find evidence that a reasonable jury could find waiver. I mean, however you slice it, Your Honor, the point is, there's no there there in this case. I mean, this is one of the most clear-cut cases, and if this doesn't constitute plain legal prejudice, it's hard to imagine what would. We have documentary... Well, you could imagine one where no reasonable judge would come to that conclusion. Well, I think this is actually such a case, Your Honor, and with all respect... So you're saying not that the judge was wrong, but the judge wasn't even reasonable. Well, I'm saying I don't necessarily think that that's the appropriate legal standard, but I think in this case, the judge here misapplied plain summary judgment law. The district court here said that the non-moving... that you cannot have summary judgment, even if the evidence on which you rely is not disputed, if the jury could disbelieve the undisputed evidence. That is not the way summary judgment works. If the moving party puts forth evidence and the non-moving party does not dispute that evidence, then the moving party is entitled to summary judgment. That's in Rule 56. The district judge... What about the tolling agreement? If we think your client, the parties agreed to toll, and why couldn't we decide the whole issue on that basis? Because a tolling agreement... Even if you construed that November 2010 email as a tolling agreement, at most that would toll the claims from November 2010 forward. That's what a tolling agreement does. It stops a running clock. A plain vanilla tolling agreement doesn't restart a clock that... or doesn't start a clock that has already expired. The point here, Your Honor, is... The agreement now, if you agree... you can't agree to the tolling agreement, and then now you turn around and say the tolling agreement was no good and doesn't apply if it appears that you agreed to it. No, but Your Honor, again, the point is, what is the thing we agreed to? If you say we agreed to toll the claims, one critical point here not to lose sight of is that the claims had not necessarily expired in every jurisdiction. For instance, at the point we entered into this November email, the two-year statute of limitations would not yet have run in Illinois, so it would make sense to enter into a tolling agreement. But with respect to Tennessee, it had expired already back in February. The problem with that argument is you didn't put in the tolling agreement that this only applied as to certain jurisdictions and not others, and you didn't put all these exceptions and rules and things that you're bringing up now. You just didn't do that. Your Honor, the agreement in question is an exchange of emails. It's quite clear from looking at the exchange of emails that there was a mutual mistake of fact here, because the first email says, in a number of cases, we're concerned about tolling expirations. And then the email in question that Your Honor is referring to says, expiration of the previous tolling agreements regarding statute of limitations is hereby agreed to by Abbott. All that is doing is extending previous tolling agreements. It is undisputed that there was no previous tolling agreement in this case, and that's a... All you're saying is that this was the first tolling agreement. But why don't you wrap up, because your red light is... Oh, I'm sorry, Your Honor. The point is, even if you construe this as a tolling agreement, it would be a tolling agreement that began in November. They do not cite a single case in the history of American law that says an agreement that says we will toll our claims henceforth should be construed as a waiver of the right to assert a statute of limitations with respect to an expired claim. This would be the first. Thank you, Your Honor. Sure. May it please the Court, good morning. My name is Andy Vickery from Houston, Texas, and I represent Fred and Frances Delano. I think the threshold question that should be made very clear here is the scope of this Court's review. It is not de novo with regard to the decision on the merits of this statute of limitations defense. It is an abuse of discretion, and that is because the Court's order very clearly, both this first order and the second one that they chadjung for writing, make it very clear that it's based on disputed facts, that there were facts there that were disputed. The fact, Judge Rogers, is they did nothing with regard to this case except file a motion for summary judgment. No answer was filed in the case, and as soon as they did, I went, oh, my goodness, I've been snookered here. We need to file in Illinois. We have just recently amended a request for judicial notice by this Court of the proceedings in the circuit court in Illinois with regard to Dolores Teets. This is a woman who is from North Dakota who got histoplasmosis, just like Fred Delano, just in the same time period before their May 2nd. She didn't sue in Tennessee, though. Sir? She didn't sue in Tennessee. She did not sue in Tennessee. This case is all about someone who comes into Tennessee, sues and loses or should have lost, I guess the argument is, and then tries to change the event. That's the thrust of it, whether they're right in their appeal. That's what we should be talking about, right? It is. My only point was when they say plain legal prejudice, it's as if they are prejudiced somehow by having to litigate in their home state under their home state's law, and they chose it. The prejudice, as I see it, is that they elect to litigate in one state and then it becomes clear that it's problematic, and so they try to back out. Should they be allowed to do that? You can argue they should or they shouldn't, but I don't see why the degree to which they might succeed somewhere else is relevant to that.  All right. But can we get to whether this is something that shouldn't be allowed or should be allowed? It's a little questionable. Maybe there wasn't much prejudice, but the next time there might be more prejudice, right? Well, there might be, but we have to decide. If it is a case where they just know if you sue somewhere and you have no basis for winning, and then when the light goes on, you just say, well, I want to back out. I would agree. That's sort of the thrust of what they're arguing, right? How do you respond to that? How I respond to that is we have plenty of basis of winning. We had a warranty claim based on an express representation that it's safe to use Humira with methotrexate. That's a clear four-year statute in Tennessee. We had clear facts from which a jury could conclude waiver. Why are you backing out then? Because we avoid the whole dispute if we litigate. It's more burdensome to sue here and win than it is to sue there. It is. You brought the suit here, and they're trying to take advantage of that greater burden because you elected to come in Tennessee, right? Yes, we do. Now all of a sudden you see that it's burdensome, you want to back out, right? And you just say you have the right to do that. We do have the right to do it. We do have the right to do it. I think Judge Young in his opinion pointed out that Rule 56E was changed in 2010 that says the court may dismiss, and he relies on Anderson and Reeves from the Supreme Court for invoking that judicial discretion to say there's a fact issue here, I'm going to deny summary judgment, and I'm going to dismiss without prejudice. The case has only been on file a few months. There's been no discovery whatsoever. You're litigating 17 other cases in Illinois in front of a judge you both agree would be the judge to handle it. I'm going to let that go on here rather than have litigation. That's within his discretion. It's not an abuse of his discretion to do either of those two things, either deny summary judgment or permit the dismissal. Vickery, your opposing counsel indicated that prior to the November 15, 2010 email, it is agreed there was no tolling agreement that related to the Delano's claim. Do you agree with that? No, I do not agree with that. I agree that there was no explicit claim, but what we said in response to their statement of undisputed material facts is that there were agreements with them. It was a very informal collegial handshake relationship between me and John Donnelly at Kirkland & Ellis. John, here's materials on my case. Want to come interview my clients in my office? Yes, I do. Don't foul suit. My client will be mad about that. But yes, I will. And then the email confirmed previous tolling agreements, but John never said we didn't have a previous tolling agreement on the Delano case. Well, we obviously did, but these are informal telephonic discussions. What I said in response to their statement of undisputed material facts is there is no clear written explanation. But specifically, I would direct the court to our response to their statements 21 and 23. And then there were additional undisputed material facts that we filed pursuant to the rule to put it all in context. I don't agree with him at all. I think there are ample facts from which a jury could conclude a waiver of limitations or a court could conclude that there is equitable tolling. And the judge never got to equitable tolling. He said, yes, there are facts from which a jury could conclude a waiver. They're disputed material facts. I'm going to deny this. And he asked. He said, do you want me to rule on your motion for summary judgment first or do you just want me to permit the dismissal without prejudice? And they said rule. You both referred to a jury with respect to the question of waiver. Is it a contractual question largely for the court or do you believe that the waiver defense would have to be determined by a jury if there was a jury demand? I think that's one area where Mr. Landau and I agree. I agree that the waiver of the limitations, the defense's limitations, and we would respond with a waiver, that portion would be a jury question. And the question of equitable tolling, however, is an equitable doctrine and there's no right to jury trial there. The court would have to decide it. That's my view of it at least. This situation, you know, they cite Michaels and you were on that panel, Judge Clay. I'm sure you remember that case. That case pended for years and years and years. It was a 1977 surgery. The plaintiff opted out of a class action later and then filed a suit and the defendant came in and said, well, there's a statute of limitation. And the plaintiff said, well, you engaged in some settlement discussions. And the court ultimately held that there was no cause of action. There was no cause of action. And that's what constituted the plain legal prejudice. There certainly is a cause of action here. There are factual disputes about the applicability of limitations and particularly tolling. And so this case is not Michaels by a long, long shot. I hate to give time away, but unless the court has questions, that's really what I came to say. Thank you. Thank you, Your Honor. Any rebuttal? Yes, Your Honor, very quickly if I might. Three points I'd like to make quickly. First, with respect to the question that Judge Ludington just asked opposing counsel, whether they had disputed whether there was a tolling agreement prior with respect to the Delano's prior to November 2010. Counsel said, yes, they did dispute that. That is incorrect. The way it works in summary judgment under the local rules in Tennessee is that the moving party has to have a numbered list of statements that are undisputed. It's an incumbent on the non-moving party to respond to that list with numbers. In paragraph 36 of our list of undisputed facts, we said as follows. The first reference to any tolling agreement regarding the Delano claims is contained in emails between plaintiffs and defense counsel in November 2010. That's on page ID 93. In their response to that, which is page ID 309, there is no corresponding paragraph 36. They did not dispute that point. So there is no dispute on this record, on the record that was presented below, that there was no tolling agreement between the Abbott and the Delano's prior to this November 2010 agreement. Again, I think then the second point I wanted to make, the counsel just said here they had a right to dismiss their claim without prejudice. No, that's the nub of the matter. Under Rule 41A, that changes after the other side has answered or filed a motion to dismiss or a motion for summary judgment, excuse me. And it's within the discretion of the judge. It is, but it is an abuse of discretion as this court held in Phillips, excuse me, in Grover and reciting the Fifth Circuit's decision in Phillips and the Fifth Circuit's decision in Ecospantakis. It's an abuse of discretion that was reversed in Grover and in Ecospantakis when the effect of dismissing without prejudice is to strip the defendant of an absolute legal defense. In other words, if you win in Forum A and the plaintiff chose Forum A and after you've moved for summary judgment, the plaintiff can no longer say, oh, guess what? My bad. Let's go to Forum B where you no longer have. . . He didn't win in Forum A here. What's that? Didn't win in Forum A here. Lost in Forum A. The plaintiff, though, we are entitled to judgment. We believe then that that's the issue for you. There's a legal question whether we're entitled to judgment. But if we are entitled to judgment, this is really Ecospantakis and this court. If we're entitled to judgment, and frankly, even if we're not, in Ecospantakis the issue was whether in federal court you could have a forum nonconvenience defense. There would be no forum nonconvenience defense in the Louisiana State Court that was the alternative, was the Forum B in that case. And the Fifth Circuit in that case held it would be an abuse of discretion to send the plaintiff to state court because that would be plain legal prejudice. It would strip the defendant of the right to assert it even without deciding that the defendant would necessarily win on that defense in Forum A. Again, I think this is kind of common sense. And the real question, this goes to my third point, which is to say, I think this is really the crux of their argument. Mr. Vickery gets up here this morning and says, well, we were snookered by Abbott, and that's why this would be unfair. To the contrary, the unfairness here, just step back a second. Tennessee has a one-year statute of limitations. It's undisputed that Mr. Delano and his counsel did not contact Abbott for the first time until more than a year after his claim had accrued, and thereby his claim was already at that point, the time they first contacted us, untimely under Tennessee law. Then he says, okay, but you there's... Well, it relates... The merits of the... Of the statute of limitations. But again, it seems to me that that is critical. If the question that you're being asked is, are you being stripped of an absolute defense by transferring it, then that necessarily requires you to analyze what is the absolute defense that you would be stripped of. And our point here is... At least the reasonability of the argument. Well, at least. But again, I think here, whether you look at it, reasonability, it is unreasonable when the statute had run. And again, this is an unusually clear case because we have documentary evidence. It's not a he said, she said kind of thing. There is documentary evidence that at the hospital, Mr. Delano went to the hospital, so he knew he was sick, and he attributed it to Humira, Abbott's drug. And he didn't sue within Tennessee's one-year period. In fact, he didn't even contact Abbott. They first contacted us in May 2010, which is about 15 months after the statute of limitations began to run, and therefore about three months after it expired. So the only question then is, did we do something to waive the statute of limitations, essentially to relinquish that absolute right? What are the only things he points to? The only things he points to is, well, we engaged in settlement discussions with them. But under the Michaels case, just engaging in settlement discussions is not evidence of a desire to waive a statute of limitations defense. And if that were the law, that would be truly radical because that would mean that defendants would engage in settlement negotiations at their peril because they might be deemed to have created evidence that they weren't exercising them. Counsel, your red light has been on a while, so if you have a sentence or two to wrap up, you should stop. I appreciate Your Honor's indulgence, and we would just ask the court to reverse the judgment and direct the entry of judgment in Abbott's favor. Thank you. Thank you. The case is submitted.